Sarah Elizabeth Spencer (No. 35910)
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111-2047
Telephone:  801-323-5000
sarah.spencer@chrisjen.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.:  1:20-cv-3085

AARON LINK,

> Plaintiff,

vs.

DURATEC, LLC, and ROBERT BOTT,

> Defendants.

---

**NOTICE OF REMOVAL**

---

Defendant Duratec, LLC, d/b/a National Vinyl Products ("Duratec") and Defendant Robert Bott, by and through their undersigned counsel, remove this action from the Second Judicial District Court in and for the City and County of Denver, Colorado to the United States District Court for the District of Colorado, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

In support of this Removal, Defendants state as follows:

## I. THE STATE COURT ACTION

1. On September 11, 2020, Plaintiff Aaron Link initiated this civil lawsuit against Defendants Duratec and Robert Bott in the Second Judicial District Court in and for the City and County of Denver, Colorado, captioned *Aaron Link v. Duratec, LLC and Robert Bott*, No. 2020CV33145. On September 16, 2020, Plaintiff filed an Amended Complaint, changing the caption to *Aaron Link v. Duratec, LLC d/b/a National Vinyl Products, and Robert Bott* ("State Court Action"). The case number remains the same. A copy of the Complaint is attached hereto as **Exhibit 1**. A copy of the Amended Complaint is attached hereto as **Exhibit 2.**

2. This case arises out of a motor vehicle accident between Plaintiff and Mr. Bott on or around December 13, 2018. Plaintiff brings claims for negligence and negligence per se against Mr. Bott. Plaintiff brings claims for vicarious liability, negligence per se, and negligent hiring and retention against Duratec. Plaintiff seeks "reasonable compensatory damages," including damages for medical expenses, "the reasonable value of which is in excess of approximately $103,294.25." Exhibit 1 at ¶¶ 15, 22; Exhibit 2 at ¶¶ 15, 22.

3. Duratec was served with the Amended Complaint on September 24, 2020. Duratec was not previously served with the original Complaint.

4. Robert Bott was served with the Amended Complaint on September 29, 2020. Mr. Bott was not previously served with the original Complaint.

## II. Basis of Removal

5. This case is being removed under 28 U.S.C. §§ 1441(b) and 1446. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in

controversy exceeds the sum of $75,000 and complete diversity of citizenship exists between all properly joined parties.

### A. The Claimed Amount in Controversy Satisfies the Jurisdictional Minimum under 28 U.S.C. § 1332(a).

6. Among other unspecified damage amounts, the Amended Complaint demands judgment against Defendants for "all reasonable compensatory damages allowed by law," including $103,294.25 in past medical expenses. Exhibit 2 at ¶¶ 15, 22, Prayer for Relief.

7. Because the Complaint alleges damages in excess of $75,000.00, the amount in controversy in this case satisfies the jurisdictional minimum under 28 U.S.C. § 1332. *See Martin v. Franklin Capital Corp.*, 251 F. 32 1284, 1289 (10th Cir. 2001).

### B. Complete Diversity of Citizenship Exists Among the Properly Joined Parties

8. Diversity of citizenship is determined by the citizenship of all properly joined parties as of the date of the filing of the complaint. *See* 28 U.S.C. §§ 1332 and 1441.

9. The properly joined parties to this case are the Plaintiff, Aaron Link, and Defendants, Duratec and Robert Bott.

10. The Plaintiff is, and was at the time the State Court Action commenced, a citizen of the State of Colorado residing in Colorado Springs. Compl. ¶ 1; Am. Compl. ¶ 1. Accordingly, Plaintiff is a citizen of Colorado for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332.

11. Defendant Robert Bott is, and was at the time the State Court Action commenced, a citizen of the State of Utah who resides in Levan, Utah. Compl. ¶ 3; Am. Compl. ¶ 3. Accordingly, Mr. Bott is a citizen of Utah for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332.

12. Defendant Duratec is, and was at the time the State Court Action commenced, a limited liability company organized under the laws of Utah with its principal place of business in Nephi, Utah. *See* Duratec company profile, attached hereto as **Exhibit 3.**

13. Plaintiff alleges that "Duratec is a non-resident of Colorado." Compl. ¶ 5; Am. Compl. ¶ 5. Plaintiff is correct, as Duratec is a citizen of the State of Utah.

14. Duratec is owned by John L. Hadfield, Jane Hadfield, and Duratech Holdings, LLC, f/k/a Duratech Holdings Family Limited Partnership.

15. John L. Hadfield and Jane Hadfield are individuals who are, and were at the time the State Court Action commenced, citizens of the State of Utah residing in Utah.

16. Duratech Holdings, LLC is, and was at the time the State Court Action commenced, a limited liability company organized under the laws of Utah with its principal place of business in Lehi, Utah. *See* Duratech Holdings company profile, attached hereto as **Exhibit 4.** Duratech Holdings is owned by John L. Hadfield, Jane Hadfield, and the following family limited partnerships:

   a. Jamie Hadfield FLP (owned by Jamie Hadfield and Jane Hadfield)

   b. J&J Julie Hadfield FLP (owned by Julie Anderson and Jane Hadfield)

   c. J&J Jackie Hadfield FLP (owned by Jackie Hadfield and Jane Hadfield)

   d. J&J John D Hadfield FLP (owned by John David Hadfield and Jane Hadfield)

   e. J&J Jerilyn Hadfield FLP (owned by Jerilyn Pace and Jane Hadfield)

   f. J&J Justin Hadfield FLP (owned by Justin Hadfield and Jane Hadfield)

   g. J&J Jenny Hadfield FLP (owned by Jenny Devlin and Jane Hadfield)

   h. J&J Jodi Hadfield FLP (owned by Jodi Calton and Jane Hadfield).

          i.    J&J Jessica Hadfield FLP (owned by Jessica Leishman and Jane Hadfield).

17.    All of the owners of the above-referenced family limited partnerships are individuals who are, and were at the time the State Court Action commenced, citizens of the State of Utah residing in Utah.

18.    In sum, Defendant Duratech is owned by two individuals who are citizens of the State of Utah and a limited liability company which is owned by those same individuals as well as nine family limited partnerships that are all in-turn owned by individuals who are citizens of the State of Utah. Accordingly, Duratech is a citizen of Utah for purposes of determining diversity jurisdiction. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990) ("diversity jurisdiction in a suit by or against [a limited partnership] depends on the citizenship of all the members."); *Siloam Springs Hotel, LLC v. Century Surety Company*, 781 F.3d 1233, 1234 (10th Cir. 2015) ("Like every other circuit to consider this question, this court concludes an LLC, as an unincorporated association, takes the citizenship of all its members.").

19.    As Plaintiff is a citizen of Colorado and both Defendants are citizens of Utah, there is complete diversity of citizenship between the properly joined parties to this lawsuit.

### III.    Compliance with Removal Statutes

*A. Proper Venue.*

20.    The United States District Court for the District of Colorado encompasses Denver County, the county in which Plaintiff filed the State Court Action. Therefore, this case is properly removed to this Court under 18 U.S.C. § 1441(a).

### B. Timeliness of Removal.

21. Duratec was served with a copy of the Amended Complaint on September 24, 2020. *See* **Exhibit 5.**

22. Robert Bott was served with a copy of the Amended Complaint on September 29, 2020. *See* **Exhibit 6.**

23. Neither Duratec nor Mr. Bott were previously served with the original Complaint.

24. This Notice of Removal was filed within 30 days after service of the operative complaint on each Defendant, and is therefore timely under the provisions of 28 U.S.C. § 1446(b). No previous application has been made for the relief requested herein.

### C. Notice.

25. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to Plaintiff and a copy of this Notice of Removal is being filed with the Clerk for the Second Judicial District Court in and for the City and County of Denver, Colorado

26. A copy of the Notice of Filing Notice of Removal, which is being filed in the State Court Action, is attached at **Exhibit 7.**

## IV.   Non-Waiver of Defenses

27. In removing this case to federal court, Defendants Duratec, LLC and Robert Bott, have not waived any available defenses to the allegations asserted against them in the Complaint and Amended Complaint, and, unless otherwise stated in the Answer, Defendants have not admitted to any of the allegations set forth in the Complaint or Amended Complaint. Defendants

6

expressly reserve the right to assert all available defenses to each allegation in the Complaint and Amended Complaint.

## V.     Conclusion and Prayer

28. As set forth above, all of the prerequisites for removal have been satisfied, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Accordingly, Defendants Duratec, LLC and Robert Bott respectfully request that this lawsuit be removed to the United States District Court for the District of Colorado.

Respectfully submitted on October 14, 2020.

                                              **CHRISTENSEN & JENSEN, P.C.**

                                              */s/* Sarah E. Spencer
                                              Sarah Elizabeth Spencer
                                              *Attorneys for Defendants*

7

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2020, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court's CM/ECF system. I further certify that on this same day, a Notice of Filing Notice of Removal, along with a copy of the Notice of Removal, was electronically filed in the Second Judicial District Court in and for the City and County of Denver, where this State Court Action is pending. That court's electronic filing system will automatically give notice of the filing to all counsel of record.

/s/ *Anne L. MacLeod*
Legal secretary