# EXHIBIT 2

# AMENDED COMPLAINT AND CIVIL COVER SHEET

| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO** <br> Address:  1437 Bannock Street, Room 256 <br> Denver, CO 80202 <br> Telephone:  (720) 865-8613 | DATE FILED: September 16, 2020 8:19 AM <br> FILING ID: 26EB04A248D1A <br> CASE NUMBER: 2020CV33145 |
| **Plaintiff:**   AARON LINK, <br><br> v. <br><br> **Defendants:**   DURATEC, LLC, D/B/A NATIONAL VINYL PRODUCTS and ROBERT BOTT. | |
| | ▲ **COURT USE ONLY** ▲ |
| Attorneys for Plaintiff: <br> Name(s):   Carl A. Zielinski, Esq., #49112 <br> David E. McDivitt, Esq. #38286 <br> Firm:   McDivitt Law Firm, PC <br><br> Address:   19 E Cimarron Street, Colorado Springs, CO 80903 <br> Phone Number:   719.471.3700 <br> Fax Number:   719.471.9782 <br> E-Mail Address:   litigation@mcdivittlaw.com | Case Number: <br> 2020CV033145 <br><br> Div: 269     Ctrm: 269 |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD-PARTY COMPLAINT** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third-party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☒ This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐   Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.   ☐   This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

McDivitt Law Firm, PC

Date: September 15, 2020

Carl A. Zielinski, Esq., #49112
Attorneys for Plaintiff

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third-party complaint.

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Address:    1437 Bannock Street,<br>              Denver, CO 80202<br>Telephone: (720) 865-8301 | DATE FILED: September 16, 2020 8:19 AM<br>FILING ID: 26EB04A248D1A<br>CASE NUMBER: 2020CV33145 |
| **PLAINTIFFS: AARON LINK**<br><br>v.<br><br>**DEFENDANTS: DURATEC, LLC, D/B/A NATIONAL VINYL PRODUCTS, and ROBERT BOTT** | ▲   COURT USE ONLY   ▲ |
| Attorneys for The Plaintiff<br><br>Name(s):         Carl A. Zielinski, #49112<br>                    David McDivitt, #38286<br>Firm:              MCDIVITT LAW FIRM, P.C.<br>                    19 East Cimarron Street<br>Address:         Colorado Springs, CO  80903<br>Phone Number:  (719) 471-3700<br>Fax Number:     (719) 471-9782<br>E-Mail Address:    litigation@mcdivittlaw.com | Case Number:<br><br><br>Div/Ctrm: |
| **AMENDED CIVIL COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, Aaron Link, (hereinafter "Plaintiff"), by and through his attorneys, MCDIVITT LAW FIRM, P.C., for his Complaint and Jury Demand against Defendant Duratec, LLC (hereinafter "Defendant Duratec" and/or "Duratec") and Defendant Robert Bott (hereinafter "Defendant Bott" or "Bott"), hereinafter referred to collectively as "Defendants," states and hereby alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is a resident of Colorado, with an address of 1441 Wynkoop Drive, Colorado Springs, CO 80909.

2. Upon information and belief, Plaintiff alleges that Defendant Duratec is a Utah corporation doing business as National Vinyl Products who, at all relevant times stated herein, is not registered as a foreign Colorado corporation with the Secretary of State of Colorado.

3. Upon information and belief, Plaintiff alleges that Defendant Bott is a resident of Utah, with a last known address of 307 S. Main, Levan UT, 84639.

4. All the incidents giving rise to Plaintiffs claim, known or unknown, occurred within the County of El Paso, State of Colorado.

5. Upon information and belief, Plaintiff alleges that Defendant Duratec is a non-resident of Colorado and, thus, pursuant to *Colorado Rules of Civil Procedure* (C.R.C.P.) 98(c)(1), venue is proper in Denver County.

6. Upon information and belief, Plaintiff alleges that Defendant Duratec's registered agent for process is likely located in Denver County.

## FACTUAL ALLEGATIONS

7. On December 13, 2018 at approximately 3:37 p.m., Plaintiff was lawfully operating a 2010 Dodge Charger, bearing Colorado license plate 682OHL. At this time, Plaintiff was driving northbound Interstate 25 at or near the exit to Fontanero Street in the City of Colorado Springs, County of El Paso, State of Colorado.

8. At that same date and time, Defendant Bott was operating a 2006 Freightliner tractor trailer bearing Utah license plate A536308 on northbound Interstate 25.

9. Upon information and belief, Plaintiff alleges that Defendant Bott was, and is, an employee of Defendant Duratec, and was, at all times relevant herein, operating the 2006 Freightliner tractor trailer in the scope of his employment with Defendant Duratec.

10. For reasons unknown to Plaintiff, Defendant Bott failed to slow for traffic, causing his tractor trailer to collide with the rear of the vehicle in front of him.

11. As a result thereof, the trailer of Defendant Bott's vehicle drifted right, striking the driver's side of Plaintiff's vehicle.

12. In committing the aforementioned actions and/or omissions, Defendant was driving aggressively, failed to maintain a safe following distance, and otherwise failed to operate his vehicle in a safe and prudent manner.

13. In committing the aforementioned actions and/or omissions, Defendant was negligent.

14. As a direct and proximate result of the negligence of Defendant Bott, Plaintiff suffered bodily injuries to his entire person including, but not limited to, his teeth, neck, back, shoulders, and left knee.

15. As a further direct and proximate result of the negligence of Defendant Bott, Plaintiff has incurred bills for health care and treatment, the reasonable value of which is in excess of approximately $103,294.25 and may incur additional such expenses in the future.

16. As a further direct and proximate result of the negligence of Defendant, Plaintiff has been caused to suffer in the past, and will suffer in the future, economic and non-economic injuries and losses including, but not limited to, physical pain and suffering, loss of the enjoyment of life, loss of the capacity to perform household work, lost future earning capacity, missed wages, permanent physical impairment, and inconvenience.

17. Under the doctrine of *respondeat superior*, Defendant Duratec is liable for the injuries and damages negligently caused by Defendant Bott while Defendant Bott was acting within the course and scope of his employment for Defendant Duratec.

## FIRST CLAIM FOR RELIEF
### Negligence
(As to Defendant Bott)

18. The Plaintiff incorporates by reference allegations 1 through 17 above as though fully set forth herein.

19. At said time and date, Defendant Bott was driving negligently in driving aggressively, failing to maintain a safe following distance, and otherwise failing to operate his vehicle in a safe and prudent manner. This caused the trailer of Defendant Bott's vehicle to strike Plaintiff's vehicle on the driver's side.

20. At all times relevant herein, Defendant Bott had a duty to operate his vehicle with reasonable care as to not pose an unreasonable risk of harm to others, including Plaintiff.

21. In committing the aforementioned actions, Defendant Bott was careless, reckless and negligent. In failing to operate his vehicle with reasonable care, Defendant Bott breached his duty not to pose an unreasonable risk of harm to others, including Plaintiff, while operating his motor vehicle.

22. As a direct and proximate cause result of Defendant Bott's negligent, careless and reckless actions, Plaintiff has incurred substantial bills for health care and treatment, the reasonable value of which is in excess of $103,294.25 and may incur additional such expenses in the future.

23. As a direct and proximate cause result of Defendant Bott's negligent, careless and reckless actions, Plaintiff has been caused to suffer past and future economic and non-economic damages including, but not limited to, physical pain and suffering, loss of the enjoyment of life, lost wages, lost earning capacity, loss of capacity to perform household work, inconvenience, and permanent impairment and disability.

   **WHEREFORE** Plaintiff prays for relief as set forth at the end of this Complaint.

**SECOND CLAIM FOR RELIEF**
**Negligence *Per Se*: Careless Driving**
(As to Defendant Bott)

24. The Plaintiff incorporates by reference allegations 1 through 23 above as though fully set forth herein.

25. At all times relevant herein, *Colorado Revised Statute* § 42-4-1402 (Careless Driving) was in full force and effect.

26. In committing the aforementioned actions, Defendant Bott violated the provisions of *Colorado Revised Statute* § 42-4-1402 (Reckless Driving)

27. *Colorado Revised Statute* § 42-4-1402 (Careless Driving) was designed to protect drivers and passengers from the dangers associated with careless actions by drivers. Plaintiff is among the class of persons the statute is intended to protect, and the harm Plaintiff continues to suffer is the type against which the statute is intended to protect.

28. Defendant Bott's statutory violations directly and proximately caused Plaintiff's damages and injuries enumerated herein.

   **WHEREFORE** Plaintiff prays for relief as set forth at the end of this Complaint.

**THIRD CLAIM FOR RELEIF**
**Negligence *Per Se:* Statutory Violations**
(As to Defendant Bott)

29. The Plaintiff incorporates by reference allegations 1 through 28 above as though fully set forth herein.

30. At all times relevant herein, 49 C.F.R. §§ 350 to 399 were in full force and effect.

31. Defendant Bott violated state and federal statutes and regulations, including, but not limited to, 49 C.F.R. §§ 350 to 399.

32. Defendant Bott's statutory violations directly and proximately caused Plaintiff's damages and injuries enumerated herein.

   **WHEREFORE** Plaintiff prays for relief as set forth at the end of this Complaint.

**FOURTH CLAIM FOR RELEIF**
*Vicarious Liability*
(As to Defendant Duratec)

33. The Plaintiff incorporates by reference allegations 1 through 32 above as though fully set forth herein.

34. Upon information and belief, Plaintiff alleges that Defendant Bott was, and is, an employee, agent, servant, or independent contractor of Defendant Duratec.

35. Upon information and belief, Plaintiff alleges that Defendant Bott, at all times relevant herein, was operating the 2006 Freightliner tractor trailer in the scope of his employment with Defendant Duratec at the time the subject accident occurred.

36. Under the doctrine of *respondeat superior*, Defendant Duratec is vicariously liable for the injuries and damages, as enumerated herein, which were negligently caused by Defendant Bott while Defendant Bott was acting within the course and scope of his employment for Defendant Duratec.

    **WHEREFORE** Plaintiff prays for relief as set forth at the end of this Complaint.

### FIFTH CLAIM FOR RELEIF
*Negligent Hiring and Retention*
(As to Defendant Duratec)

37. The Plaintiff incorporates by reference allegations 1 through 36 above as though fully set forth herein.

38. Defendant Duratec had a duty to act reasonably in the hiring, supervision and retention of Defendant Bott, and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

39. Defendant Duratec failed in the abovementioned duties and was, thus, negligent in the hiring, supervision, and retention of Defendant Bott, as well as in their and to promulgation and enforcement of rules and regulations which ensure its drivers and vehicles were reasonably safe.

40. Defendant Duratec's negligence in this regard was a direct and proximate cause of Plaintiff's injuries and damages, as enumerated herein.

    **WHEREFORE** Plaintiff prays for relief as set forth at the end of this Complaint.

### SIXTH CLAIM FOR RELEIF
**Negligence *Per Se:* Statutory Violations**
(As to Defendant Duratec)

41. The Plaintiff incorporates by reference allegations 1 through 40 above as though fully set forth herein.

42. At all times relevant herein, 49 C.F.R. §§ 350 to 399 were in full force and effect.

43. Defendant Duratec violated, and encouraged Defendant Bott to violate, state and federal statutes and regulations, including, but not limited to 49 C.F.R. §§ 350 to 399.

44. Defendant Duratec's statutory violations directly and proximately caused Plaintiff's damages and injuries, as enumerated herein.

## JURY DEMAND

The Plaintiff request trial to a jury of six (6) persons on all issues so triable.

**WHEREFORE**, Plaintiff requests that judgment be entered against the Defendants, and each of them, for all reasonable compensatory damages allowed by law, costs, expert witness fees, interest as provided by law from the date this action accrued, interest as provided by law, calculated at a compound rate, from the date of filing the original complaint, and such other and further relief as the Court deems proper.

Respectfully submitted, this 15th day of September, 2020.

MCDIVITT LAW FIRM, P.C.

*/S/ Carl Zielinski*
*Original signature on file pursuant to C.R.C.P. 121 § 1-26*

**Carl Zielinski**, #49112

Plaintiff's address:
1441 Wynkoop Drive,
Colorado Springs, CO
80909